**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MAURICE J. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 10-CV-3366 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| **JOHN P. FRYE, P.C.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Maurice J. Smith filed suit against The Law Office of John P. Frye, P.C. ("Frye"), alleging that Frye impermissibly obtained Smith's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (the "FCRA"). Frye's motion for summary judgment [#9] is before this court. For the reasons set forth below, Frye's motion is granted.

**BACKGROUND**[1]

Frye is a law firm that does collection work, with its principal office in Virginia. On July 24, 2008, Atlantic Credit & Finance ("Atlantic Credit") referred Smith's HSBC account number ending in 5052 to Frye for collection. Atlantic Credit is the owner of the account. On July 28, 2008, Frye requested and reviewed Smith's credit report in connection with the collection of the account. Frye also attempted to collect the account. On December 22, 2008, Frye closed the account and returned the account to Atlantic Credit.

---

[1] Local Rule 56.1 requires the nonmoving party to file a response to the movant's statement of facts and a supporting memorandum of law. See L.R. 56.1(b). As discussed *infra*, Smith has done neither. Because he did not comply with Local Rule 56.1, all material facts set forth in Frye's statement are deemed admitted to the extent supported by the record. See L.R. 56.1(b)(3)(C).

Almost one year later, Smith sent Frye a letter inquiring as to the basis of Frye's collection attempts. Compl., Ex. A. The letter states that Smith's credit reporting agency gave Frye a copy of his credit report on July 28, 2008. Smith wrote, "I don't recall applying for credit or employment with Atlantic Credit & Finance." Smith cited 15 U.S.C. §1681n, which creates civil liability for willful noncompliance with the FCRA. Smith requested that Frye explain its permissible purpose for obtaining Smith's credit report, and if it could not do so, to arrange for the payment of $1,000.00 to Smith by November 29, 2009, pursuant to the FCRA.

Smith commenced these proceedings on May 6, 2010 in the Circuit Court of Cook County, Illinois, alleging that Frye was liable to him for damages pursuant to 18 U.S.C. § 1681n. Frye removed the case to this court on June 2, 2010. Frye filed its motion for summary judgment approximately three weeks later. Smith did not file a response, but instead moved to amend his complaint. [Dkt. #17] The court denied his motion on the grounds that the claims in his amended complaint were barred by the statute of limitations. [Dkt. #18] The court granted Smith an extension of time to file a response to the motion for summary judgment. To date, Smith has not filed a response to Frye's motion.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d

265 (1986). In its response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris, Inc.,* 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia,* 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Ouanex Corp.,* 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

## DISCUSSION

**I.     Compliance with Local Rule 56.1**

Before reaching the merits of Frye's motion for summary judgment, the court addresses the adequacy of Smith's response. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts. The statement of material facts should consists of short, numbered paragraphs and specific references within each paragraph to the affidavits, parts of the record, and other admissible evidence relied on to support the facts set forth in each paragraph. L.R. 56.1(a)(3). Significant to the court's analysis here, the non-moving party must submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3)(B). "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in a manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Even where the non-moving party is

3

representing himself *pro se*, "[a] district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'" *Id.* (quoting *Bordelon* v. *Chicago Sch. Reform Bd. of Trustee*, 233 F.3d 524, 529 (7th Cir. 2000)).

Smith has not submitted any of the materials required under L.R. 56.1. In accordance with L.R. 56.1(b)(3)(C), the court deems Frye's statement of material facts admitted. Included in the background section of this opinion are only those facts that have been appropriately presented, supported, and relevant to the resolution of this motion. *See Smith*, 321 F.3d at 682–83 (district court properly deemed moving party's statement of material facts admitted where *pro se* plaintiff "failed in his obligation to support controverted or additional facts with citations to admissible evidence"); *see also Wilson* v. *Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) (strictly enforcing Local Rule 56.1 was "well within the district court's discretion" even though plaintiff in Title VII case was a *pro se* litigant) (citing *Patterson* v. *Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009)). Smith's failure to respond, however, does not automatically result in judgment for Frye; the court must still determine whether Frye is entitled to judgment as a matter of law. *See Raymond* v. *Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

## II.     Smith's FCRA Claim

Smith alleges that Frye violated the FCRA by impermissibly obtaining his credit report and attempting to "injure or ruin [his] credit rating." Compl. ¶ 2. The FCRA is a consumer protection statute. While it primarily regulates the behavior of the consumer reporting agencies, it also regulates the conduct of those individuals and organizations who request credit information. *See Pappas* v. *Calumet City,* 9 F. Supp. 2d 943, 946 (N.D. Ill. 1998). A person who fails to comply with the FCRA by obtaining "a consumer report from a consumer reporting

4

agency under false pretenses or knowingly without a permissible purpose" can be held liable to that consumer. 15 U.S.C. § 1681n(a)(1)(B). Whether a consumer report has been obtained for a permissible purpose presents a question of law that can be decided in the context of a motion for summary judgment. *See Wright* v. *Bogs Mgmt., Inc.*, No. 98 C 2788, 2000 WL 1774086, at *17 (N.D. Ill. Dec. 1, 2000) (citing *Edge* v. *Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999)).

Under section 1681b(a)(3)(A), a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, the consumer." 15 U.S.C. § 1681b (emphasis added). Thus, obtaining a credit report in connection with collection of a debt is permissible under the FCRA. *See, e.g.*, *Miller* v. *Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009). Atlantic Credit referred Smith's account to Frye, a debt collector under the FCRA. *See* 15 U.S.C. § 1692a(6) ("[T]he term 'debt collector' means any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another."). Therefore Frye had a permissible purpose for obtaining Smith's credit report. *See Miller,* 309 F. App'x at 43; *Criddell* v. *Transunion LLC*, No. 09 C 6235, 2010 WL 1693093, at *4 (N.D. Ill. Apr. 27, 2010) ("Because Torres was acting as a debt collection agency, it had a legitimate reason to obtain Criddell's credit report, and he has failed to state a claim that Torres acted unlawfully under the FCRA.").

**CONCLUSION AND ORDER**

For the above reasons, Frye's motion for summary judgment [#9] is granted. The clerk is instructed to enter judgment in favor of Frye. This case is terminated.

Dated: February 24, 2011　　　　　　　　　　　Enter: _____
　　　　　　　　　　　　　　　　　　　　　　　　　JOAN HUMPHREY LEFKOW
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge